[No. 2591.  Decided June 25, 1897.]

W. A. RAYMOND, *Respondent*, v. S. W. JOHNSON, *Appellant*.

MINING — PROSPECTOR'S AGREEMENT — STATUTE OF FRAUDS — PLEADING — DENIAL OF KNOWLEDGE.

An agreement between two parties to prospect together and share alike the benefits of any discovery or location of mining properties is not within the statute of frauds.

Where the complaint avers an agreement between plaintiff and defendant, a denial of information or knowledge sufficient to form a belief as to the facts alleged is not sufficient to raise any issue of fact, as the presumption is that the defendant has positive knowledge whether or not the averment is true.

Appeal from Superior Court, Spokane County.—Hon. JAMES Z. MOORE, Judge.  Affirmed.

*Cyrus Happy*, for appellant.
*William T. Stoll*, and *R. E. Porterfield*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent brought suit to have appellant Johnson declared respondent's trustee for an undivided one-fourth interest in the Keystone Quartz Mining Claim, located in Flathead county, Montana; and to have the defendant Finch pay to respondent part of the bonded price of five-sixteenths of the claim, which is claimed to be proportionate to respondent's interest, instead of paying the same to appellant Johnson, through the defendant bank, as required by a bond held by Finch from Johnson; and in default of Finch's paying the price mentioned in the bond, that then appellant Johnson be required to convey to the respondent an undivided one-fourth interest in the claim; and that the defendant, the Exchange National

Bank, be enjoined from delivering to the defendant Finch, or any other person, a deed in its custody, made by appellant Johnson, to an interest in the claim, and that appellant Johnson be enjoined from assigning any interest thereafter in the mining claim.

The fourth allegation of the complaint is as follows:

" That in the summer of the year 1895 the said plaintiff and the said defendant S. W. Johnson entered into a mining partnership by which they mutually agreed with each other that they would each diligently prospect for and locate and develop mines, mining claims, water rights and mill-sites in the states of Idaho and Montana on the public lands of the United States and upon discovering or acquiring the same or any such that they would locate and hold and work the same in the joint names of and for the joint use and benefit of the plaintiff and defendant, Johnson, and that they should own in equal shares any and all mineral claims, mines, water rights and mill-sites so discovered or in any manner acquired by either of them."

Respondent alleges that he has duly performed all the conditions of the agreement on his part and that he diligently prospected as required by the agreement, in behalf of Johnson and himself; that while respondent and Johnson were prospecting, in pursuance of the agreement, they discovered some float or particles of ore which they thought came from a ledge of ore further up the mountain or hill upon which they were working, and Johnson requested respondent to follow up and trace the float and prospect for a supposed ledge from which the float was thought to have come, and that he, Johnson, would go over on the other side of the mountain and search there, under the agreement, for mines and claims, and that while respondent was prospecting on the float, for the equal benefit of himself and Johnson, the latter went over the mountain or hill and continued to work, and there, with one Whitcomb, whom he chanced to meet, Johnson discovered a great and

valuable lode of free milling gold ore on the unsurveyed and unclaimed public lands of the United States, and that Johnson, in violation of his agreement with respondent, and for the purpose of cheating and defrauding him, located the claim under the general mining laws of the United States in the names of Johnson and Whitcomb, excluding the respondent from all interest therein, and ever since has so fraudulently and dishonestly excluded respondent therefrom; that thereafter Johnson sold to defendant Gorham, by deed, an undivided one-sixteenth interest, and to one Watson an undivided two-sixteenths, and thereafter bonded to the defendant Finch, who was representing as trustee unknown parties, by a sufficient bond, an undivided five-sixteenths interest for the sum of $3,906.25, $100 of which was paid; that the deeds and the bond were duly recorded in Flathead county; that they were executed for the purpose of defrauding respondent out of his interest in the mining claim; that all the transfers and the bond were made without the knowledge or consent of respondent; that the mining claim is reasonably worth $20,000; that after the deeds and bond were executed, Johnson executed a deed sufficient in form to the interest described in the bond in favor of Finch, trustee, and deposited the deed with the defendant bank at Spokane, Washington, to be delivered to Finch, trustee, when the purchase price mentioned was paid to the bank; that the bank received and now holds the deed, and has agreed to deliver it to Finch upon the payment of the money for the use and benefit of Johnson; that Finch has the money in his possession and is about to pay the same to the bank; that Johnson is insolvent; that Whitcomb was a locator in good faith and is the owner of an undivided one-half interest in the claim, and that he had at the time no notice of the relation existing between respondent and Johnson;

that defendant Gorham claims an interest in the mining claim in addition to the one-sixteenth interest conveyed by deed, and Gorham also claims an interest in the moneys due on the bond on the five-sixteenths interest, but that Gorham's claim is inferior to that of respondent to the money and to respondent's interest in the mining claim; that after Johnson made the location as before mentioned, he denied respondent's right to share in the claim, and respondent's right to share in the purchase price of the claim that is now due. Defendant denied having sufficient information to form a belief as to the matters stated in the fourth allegation of the complaint, and denied that the defendant Gorham claims an interest in addition to the one-sixteenth interest in the mining claim, or that Gorham claims an interest in the moneys due, mentioned in the bond to Finch; denies his insolvency; denies that the deed and bond were given to defraud respondent; admits the discovery and location of the mining claim by himself and Whitcomb; admits the bonding of the five-sixteenths interest in the claim to Finch, as alleged in the complaint, and for the sum mentioned.

The superior court, after hearing the testimony, found that the defendant Finch was trustee having charge of the matter of the bond for other persons, and that the averments in the fourth allegation of the complaint were true; that the respondent had performed his agreement; that the contract for partnership in prospecting and locating mines as set forth in the fourth allegation of the complaint was carried on and that Johnson discovered the quartz mine described while such agreement existed; that the mine was located in the names of Johnson and Whitcomb; that Johnson had excluded respondent from any interest therein, and that Johnson had made the conveyances and the bond alleged in the complaint. The tenth finding by

the court was that the deeds and bond were given for the purpose of cheating and defrauding respondent out of his interest in the claim; and the eleventh, that they were made without the knowledge or consent of respondent; that the claim is reasonably worth $12,500; that Johnson had executed the deed and deposited the same with the defendant bank as alleged, and the bank had received the same; that Whitcomb was in good faith a locator, as alleged in the complaint, of the mining claim; that Johnson is insolvent and is now the owner of five-sixteenths of the Keystone Mining claim; that the respondent, by reason thereof, is owner of and entitled to the undivided one-half thereof, that is, is the owner of and entitled to receive one-half of the unpaid portion of the amount due from the defendant Finch, trustee, as the purchase price, that is, to $1,950; and decree was entered according to the prayer of the complaint.

Defendants moved for a new trial, which motion was overruled. Defendant Johnson excepts to several findings of fact, on the ground that the evidence is insufficient to justify the same. It is not necessary here to review the testimony. It has been carefully examined, and we are satisfied with the conclusions of fact reached by the superior court. The respondent and Johnson agreed to prospect together and share alike the benefits of any discovery or location of mining properties, water rights and other things mentioned in the fourth allegation of the complaint. It is true there was but little investment, if any, beyond a small " grub stake," by either in the enterprise, but they were to put their labor into it. Each was to diligently and faithfully prospect. In mining operations this is usual. Frequently very humble and small beginnings lead to great results.

We observe no error in the superior court's ruling upon

the proposed amendment to the answer after the trial was concluded. The proposed amendment was inconsistent with the answer upon which the cause was tried, and if made could not have changed the result of the trial.

Defendant urges here that the contract between respondent and Johnson was oral and is within the statute of frauds, as expressed in § 1422, 1 Hill's Code. This contention cannot be maintained. The defendant Johnson, if the acquisition of the mine was an interest in real estate, would be a trustee. The weight of authority in the mining states is that such contracts are not within the statute of frauds. *Gore v. McBrayer*, 18 Cal. 583; *Hirbour v. Reeding*, 3 Mont. 15; *Murley v. Ennis*, 2 Colo. 300; *Welland v. Huber*, 8 Nev. 203.

Appellant's answer to the fourth allegation of the complaint is a denial of information or knowledge sufficient to form a belief as to the facts set forth in the paragraph mentioned. It will be observed that the averment is an agreement between respondent and appellant. Presumptively appellant had positive knowledge of these facts. The approved rule seems to be, when such knowledge is with the defendant, he cannot evade a positive denial by a disavowal of knowledge. We very much question whether the answer to the fourth paragraph of the complaint is sufficient to raise any issue of fact.

The judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.