## SOUTHERN PACIFIC COMPANY v. ARTHUR C. DUSABLON.

### Decided December 11, 1907.

**1.—Jurisdiction—Personal Injuries—Nonresident.**

For the purpose of redress, it is immaterial where a wrong was committed. A wrong being personal, redress may be sought for it wherever the wrong-doer may be found. But to this rule there are three exceptions in respect to torts: (1) Where the lex loci delicti is in direct contravention of the law or policy of the forum; (2) where the remedy prescribed for the tort by the lex loci delicti is penal in its character; and (3) statutory torts, where the statute, in creating the liability, at the same time creates a mode of redress peculiar to that State, by which alone the wrong is to be remedied. And these exceptions are themselves subject to certain limitations.

**2.—Same—Case Distinguished.**

For a wrongful injury to the person of another, redress may be had in the courts of this State regardless of where the injury was inflicted, if such personal injury (not resulting in death) was actionable in the country where such wrong was done. The case of Mexican Nat. Ry. Co. v. Jackson, 89 Texas, 113, reviewed and distinguished.

**3.—Jurisdiction—Personal Injuries—Citizen of New Mexico—Suit in Texas.**

By a statute of New Mexico a citizen of that Territory is required to bring his suit for personal injuries in the courts of that Territory, and is prohibited from bringing such suit in any other jurisdiction. Hence a suit by a citizen of New Mexico for personal injuries received there, cannot be maintained in Texas.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Beall & Kemp,* for appellant.—Where the suit is between nonresidents of the State of Texas, and is a statutory cause of action which the laws of New Mexico forbid being sued upon outside of that territory, the courts of Texas ought not to take jurisdiction. Mexican Nat. Ry. Co. v. Jackson, 89 Texas, 107; Slater v. Mex. Nat. Ry. Co., 194 U. S., 129; Law Co. Op. Com. Ed., book 48, p. 904, same case 115 Fed. Rep., 593.

The statutes of New Mexico having made actions for personal injuries statutory causes of action, and said statutes having provided that all suits based on such causes of action should be brought in New Mexico and in no other State or territory, the courts of Texas

ought not to take jurisdiction of suits for personal injuries received in New Mexico. Coyne v. So. Pac. Co., 155 Fed. Rep., 683; Buttron v. E. P. & N. E. Ry. Co., 93 S. W. Rep., 676; Mexican N. Ry. Co. v. Jackson, 89 Texas, 113; Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 185; DeHarn v. Mex. Nat. Ry. Co., 86 Texas, 68; Willis v. Mo. Pac. Ry. Co., 61 Texas, 432; Texas & Pac. Ry. v. Richards, 68 Texas, 375; St. Louis, I. M. & So. Ry. v. McCormick, 71 Texas, 660; Belt v. Gulf, C. & S. F. Ry. Co., 22 S. W. Rep., 1062; Slater v. Mex. Nat. Ry. Co., 115 Fed. Rep., 593; Slater v. Mex. Nat. Ry. Co., 194 U. S., 129. (Law Co. Op. Ed., Book 48, p. 904.)

*Patterson & Wallace*, for appellee.—The court properly overruled defendant's demurrer questioning the jurisdiction and also its plea to the jurisdiction:

Because "where the action is transitory and is based on personal injuries, recognized as such by universal law, the suit may be brought where the aggressor is found, irrespective of the provision of the local law, or whether there be any law at all in force at the place where the wrong was inflicted." Missouri, K. & T. Ry. v. Godair, 39 Texas Civ. App., 298; Atchison, T. & S. F. Ry. Co. v. Keller, 76 S. W. Rep., 802; Southern P. Co. v. Graham, 34 S. W. Rep., 135; Willis v. Mo. Pac., 61 Texas, 432; Missouri, K. & T. Ry. Co. v. Kellerman, 39 Texas Civ. App., 274; Atchison, T. & S. F. Ry. Co. v. Sowers, 99 S. W. Rep., 190; art. 4, sec. 2, U. S. Const.; Cole v. Cunningham, 133 U. S., 107, 33 L. ed., 542; Stone v. U. S., 167 U. S., 178.

NEILL, Associate Justice.—This suit was brought by the appellee against appellant to recover damages for personal injuries alleged to have been inflicted by the negligence of the company on the 26th of April, 1906, at Lordsburg, New Mexico. In our view of the case it is unnecessary to state the grounds of negligence averred, or the specific injuries sustained.

The appellant answered by a plea of privilege, claiming the right to be sued in Harris County, Texas. Also by special demurrer, raising the question of jurisdiction, which being overruled, it filed a special plea to the jurisdiction of the court, predicating such plea upon the statute set out in our conclusions of law, and upon the fact that appellee was a resident citizen of New Mexico at the time of his alleged injuries and when this suit was brought. This plea being overruled, appellant pleaded certain defenses in bar, which, in view of the disposition we shall make of the case, are not necessary to further mention. The trial of the case resulted in a verdict and judgment for the appellee.

*Conclusions of Fact.*—As we shall reverse the judgment and dismiss the suit upon the ground that the court erred in not sustaining appellant's plea and demurrer to the jurisdiction, these conclusions will be confined to such facts as pertain to that plea.

It was averred and proved that when plaintiff received the per-

sonal injuries upon which he bases his action he was a resident citizen of the territory of New Mexico; that his injuries were sustained in that territory; that at the time he was injured and when the suit was brought defendant was a foreign corporation, having been incorporated under the laws of the State of Kentucky, operating a railroad in the territory of New Mexico, where it maintained an office and had agents through whom service could be had on the company under the laws of said territory; that the statute set out in our conclusions of law was passed by the Legislature of New Mexico and was in full force and effect at and from the time the injuries complained of were inflicted and the suit instituted, until it was tried.

*Conclusions of Law.*—Appellant's first and second assignments of error, which involve substantially the same question and will be considered together, are as follows:

"The trial court erred in not sustaining defendant's special demurrer questioning the court's jurisdiction, which special demurrer is in substance as follows:

"The defendant, excepting to and protesting against the action and order of the court in overruling its plea of privilege, appears for the single and special purpose of objecting to the jurisdiction of this court, and for that purpose specially excepts to the plaintiff's petition and says:    That it appears therefrom that the plaintiff's cause of action, if any he has, did not arise in the State of Texas, but arose and accrued at Lordsburg, in the territory of New Mexico, at which time, and the time of the filing of his petition, it appears therefrom that the plaintiff was a resident citizen of said town of Lordsburg and territory of New Mexico, and the defendant a foreign corporation, nonresident of Texas, and an inhabitant of another State.    Wherefore, this court ought not to take jurisdiction of this cause, and of this the defendant prays the judgment of the court."

"The trial court erred in overruling the defendant's plea to the jurisdiction based on the laws and Act of New Mexico set up in said plea, for the reason that plaintiff had not filed his suit in New Mexico, as required by said laws and Act as a condition precedent to his right to a recovery, and because said laws and Act expressly repudiated the right of the courts of Texas to take jurisdiction of plaintiff's cause of action, which arose in New Mexico, and on no principle of comity should this court have entertained jurisdiction.    On the contrary, inasmuch as the said Act of New Mexico, set up in defendant's plea, expressly repudiated the right of Texas courts to take jurisdiction of actions of this sort arising in said territory, this court ought not to take jurisdiction of this suit."

It is a general rule that for the purpose of redress it is immaterial where a wrong was committed; in other words, a wrong being personal, redress may be sought for it wherever the wrongdoer may be found.    To this there are a few exceptions in which actions are said to be local, and must, therefore, be brought within the country where they arose.    As applied to torts, these exceptions may be

said to consist of (1) those where the *lex loci delicti* is in direct contravention of the law or policy of the forum; (2) where the remedy prescribed for the tort by the *lex loci delicti* is penal in its character; and (3) statutory torts, where the statute, in creating the liability, at the same time creates a mode of redress peculiar to that State, by which alone the wrong is to be remedied. To these exceptions, however, there are certain limitations and qualifications not necessary to mention here.

It is obvious that the second exception has no application to this case. But it was earnestly contended by counsel for appellant in brief and oral argument that the first has; and, among other cases, they cite, Mexican Nat. Ry. Co. v. Jackson (89 Texas, 113), in support of the contention.

Before showing the distinction between that case and the one at bar, we deem it not improper to observe that the policy of a State or nation must be determined by its constitution, laws and judicial decisions, not by the varying opinions of lawyers or judges as to the demands or interest of the public. As has been well said: "Anything more indistinct and incapable of certainty or uniformity than the requirement of 'public policy' can hardly be imagined. This principle is now invoked with increasing frequency; and sometimes, at least, seems to be made use of as authority for deciding in whatever way the court thinks would, on the whole, be most useful. It need not be said that such use of such principle must diminish greatly the certainty and uniformity of the law." 2 Parsons on Contracts (9 ed.), 265. It is because things have been either enacted, or assumed to be by the common law unlawful, and not because a judge or court have a right to declare that such and such things are, in his or their view, contrary to public policy. Janson v. Driefontein Con. Mines, L. R. (1902), A. C., 484, 491. In that case the Earl of Halsbury said: "I do not think that the phrase 'against public policy' is one which in a court of law explains itself. It does not leave at large to each tribunal to find that a particular contract is against public policy. . . . I deny that any court can invent a new head of public policy."

Ever since the adoption by this State of the common law as the rule of decision, a wrongful injury to the person of another has been actionable in its courts and redress given the injured party, regardless of where the injury was inflicted, if such personal injury (not resulting in death) was actionable in the country where such wrong was done. It may be safely said, in view of our laws and judicial decisions, that it has never been the policy of the State of Texas to furnish a city of refuge or make itself an Alsatia for those who have wrongfully inflicted injuries upon others. But its policy has always been, without counting the costs, if the wrong-doer could be found within its borders to open the doors of its courts to the injured party, though an alien, and mete out the same even-handed justice to parties to the suit that she would had they both been its own citizens and the injury inflicted within its borders. Nor has Texas ever said to any of its citizens, "You shall not go into courts of any other jurisdiction, where your

aggressor may be found, than my own to redress your grievance." Throughout its history, this State has strictly adhered to the principle of the common law, which declares that, "If an injury be done to the person of another the liability therefor is deemed personal to the perpetrator of the wrong, following him wheresoever he may go, so that compensation may be exacted from him in any proper tribunal which may obtain jurisdiction of the defendant's person, if the right to sue is not confined to the place where the cause of action arises."

The case of Mexican Nat. Ry. Co. v. Jackson, though contrary to the weight of authority (Wharton, Conflict of Laws, 3d ed., sec. 480b, p. 1123), is not in antagonism with this principle, but is only a misapplication arising from a misconception of it, producing the anomaly of closing the courts of this State to actions for personal injuries inflicted in the Republic of Mexico while the Federal Courts within its boundaries stand open to redress such wrongs. Evey v. Mex. Cent. R. C., 52 U. S. App., 118, 81 Fed. Rep., 294. The Jackson case was decided upon the ground that the remedy given ·by the law of Mexico for such an injury is so essentially different from that given by our law that it can not be enforced by the courts of Texas. Something is said, *arguendo,* in the opinion as to public policy of Mexico, a matter about which the courts of this State are not concerned, and is never considered in determining the public policy of the forum. It is the public policy of its own country that a court must look to and be governed by in deciding whether it will entertain jurisdiction of a cause of action arising elsewhere, and not to the policy of a foreign country, about which they know and care nothing.

In view of what has always been the pronunciation of our courts on cases of this character, we do not think it was the intention of the Supreme Court to hold that jurisdiction should be denied because they would be a "charge upon our people" in making settlement of rights originating outside the State, under the laws of a different government. See Mexican Cent. Ry. v. Mitten, 13 Texas Civ. App., 653.

But however this may be, the territory of New Mexico does not occupy the attitude towards Texas of strictly a foreign country. Among the privileges guaranteed by article 4, section 3, of the Constitution of the United States, to the citizens of each State, is the right to institute and maintain actions of every kind that is accorded its own citizens. Corfield v. Coryell, 4 Wash. C. C., 380. Under the 3d section of article 4 of the Constitution it has been held that a "citizen of a sister State may sue a defendant resident of his home State in any State where he can get service on him, even though the cause of action arose in his home State, provided it be transitory." Eingartner v. Ill. Steel Co., 94 Wis., 70, 68 N. W. Rep., 664; Cofrode v. Gartner, 79 Mich., 332, 44 N. W. Rep., 623. While it may be that this privilege is not extended to citizens of territories, and may be claimed only by citizens of sister States, yet a territory like New Mexico, waiting to be panoplied with state-

hood, is a child of the Federal Government, to whom comity, at least, should, in its infancy, be extended by one of the United States.

We therefore conclude that this case does not fall within the first exception stated to the general rule, that for the purpose of redress, it is immaterial where the wrong is committed.

Does it fall within the third exception? This question depends upon (1) whether plaintiff's action is founded upon a statutory tort; and (2) if it is, whether the statute, in creating the liability, at the same time created a mode of redress peculiar to the territory of New Mexico.

The Act of the Legislature, upon which the appellant bases its contention that this action is for purely a statutory tort, is as follows:

"Whereas, it has become customary for persons claiming damages for personal injuries received in this territory to institute and maintain suits for the recovery thereof in other States and territories, to the increased cost and annoyance and manifest injury and · oppression of the business interests of this territory, and in derogation of the dignity of the courts thereof;

"THEREFORE, BE IT ENACTED by the legislative assembly of the Territory of New Mexico:

"Sec. 1. Hereafter there shall be no civil liability under either the common law or any statute of this territory on the part of any person or corporation for any personal injuries inflicted, or death caused by such person or corporation in this ·territory, unless the person claiming damages therefor shall, within ninety days after such injury shall have been inflicted, make and serve upon the person or corporation against whom the same is claimed and at least thirty days before commencing suit to recover judgment therefor, an affidavit which shall be made before some officer within this territory who is authorized to administer oaths, in which the affiant shall state his name and address, the name of the person receiving such injuries, insofar as the same may be known to affiant, the way or manner in which said injuries were caused insofar · as the affiant has any knowledge thereof, and the names and addresses of all witnesses to the happening of the facts ·or any part thereof causing such injuries as may at such times be known to affiant; and unless the person so claiming such damages shall also commence an action to recover the same within one year after such injuries occur in the District Court of this territory in and for the county in which such injuries occur, or in and for the county of this territory where the claimant or person against whom such claim is asserted resides, or in event such claim is asserted against a corporation, in the county in this territory where such corporation has its principal place of business; and said suit after having been commenced shall not be dismissed by plaintiff unless by written consent of defendant filed in the case or for good cause shown to the court; it being hereby expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a part of the law under which

right to recover can exist for such injuries except as herein otherwise provided. . . ."

"Sec. 3. It shall be unlawful for any person to institute, carry on or maintain any suit for the recovery of any such damages in any other State or Territory."

It clearly appears from this Act that the Legislature intended to make any right of action against any person or corporation for personal injuries or death inflicted in New Mexico depend upon the person claiming damages bringing and prosecuting his suit therefor in a District Court of the territory, after performing certain acts made conditions precedent to his cause of action. In other words, its obvious purpose was to relieve the perpetrator of the wrong from any civil liability therefor, unless the party damaged, after complying with certain conditions prescribed, instituted his suit within one year after the injuries occurred, in the District Court of the territory where they were inflicted, or in the county where both parties reside, or, if against a corporation, in the county of the territory where such corporation has its principal place of business. It will however be observed that the statute does not create or originate the cause of action, but seems to recognize the fact that civil liability theretofore existed at common law, as well as by statute, for personal injuries inflicted or death caused by persons or corporations in New Mexico. This differentiates this case from Ross v. Kansas City Ry. Co. (79 S. W. Rep., 626), and others which hold that, where a cause of action is created by and has its origin in a statute which imposes conditions or limitations upon the right as prerequisites to its exercise the law of the place where the cause of action arose governs as to limitation. This is a right of action existing at common law which has not, as in the case of Coyne v. Southern Pacific Co. (155 Fed. Rep., 683), been wholly superseded by the statute, upon which conditions are sought to be imposed by statute limiting its enforcement. As was said by this court in Atchison, T. & S. F. Ry. Co. v. Sowers (99 S. W. Rep., 190), a case where the same statute was considered, and precisely like this one except the plaintiff was a citizen of the Territory of Arizona: "The section of the law under consideration . . . attempts not only to prohibit its citizens, but all parties, who are so unfortunate as to be injured within its territorial limits, from exercising the right, accorded in England, the States of the American Union, and other civilized countries, or instituting such actions, wherever the guilty party may have his or its domicile." The judgment in favor of plaintiff in that case was affirmed, and an application by the defendant for a writ of error was denied by the Supreme Court. This is, insofar as it can be decided by the courts of a State, a judicial determination that this action is not a statutory one, in the sense that it can only be prosecuted and maintained in the State where the injury was inflicted, unless the injured party be a citizen of that State.

But, inasmuch as the plaintiff in this case was at the time his cause of action accrued and when this suit was brought a resident

citizen of the Territory of New Mexico, the further question is presented: Can this action, in view of the statute under consideration, be maintained by him in any jurisdiction except that territory? It can not be said that a citizen is not to be governed and bound by the laws of his own country; nor can he, in disregard of such laws, go into the courts of another country and ask them, as a matter of comity, to redress wrongs which the laws of his domicile require him to seek redress for in the courts of his own country. The very principle upon which comity between foreign or sister States is based repels the idea that he has even the shadow of a claim to any such right. As we said in the Sowers case: "The right of injured parties to recover damages from the negligent inflictor of the injuries is recognized in New Mexico, although the recognition carries with it burdensome and vexatious conditions, of which, however, if its citizenship is willing to endure them, no one is in a position to complain." The honor one enjoys in being a resident of a territory whose Legislature has such an exalted idea of the "dignity" of its courts and tender consideration for its "business interests," manifested by the statute in question, must be taken *cum onere.*

We, therefore, conclude that the District Court was without jurisdiction of this case, and that it erred in not sustaining defendant's exception and plea to its jurisdiction.

If we are correct in this conclusion, the other assignments of error should not be considered. If, however, the Supreme Court should differ with us upon the jurisdictional question, we will then cheerfully perform the duty of considering all other questions raised by the assignments.

For reason of the errors indicated, the judgment of the District Court is reversed and the suit dismissed, without prejudice of plaintiff's right, if any he has, to institute and prosecute his action in any jurisdiction outside the State of Texas.

*Reversed and dismissed.*