[No. 9781.  Department One.  October 26, 1912.]

THE CITY OF OLYMPIA, *Respondent*, v. E. M. TURPIN,
*Appellant*.[1]

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS—
PROCEEDINGS.  Where an act prescribing a method of levying special assessments provided (Rem. & Bal. Code, § 7873), that nothing in the act shall be construed to limit or repeal any existing powers of cities with reference to such improvements, a city was authorized, after the enactment of the law, to levy special assessments under the preexisting laws and ordinances of the city.

SAME—ASSESSMENTS—NOTICE—APPEARANCE.  Notice of a street assessment given to the owner's agent, who appeared and filed exceptions to the assessment, is sufficient to confer jurisdiction to make the assessment.

PLEADING—ANSWER—DENIAL ON INFORMATION.  In an action to foreclose a special street assessment lien, an answer denying any knowledge on information sufficient to form a belief as to the agency of one who was alleged in the complaint to be the defendant's agent, is evasive and is not sufficient to raise any issue thereon.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered October 26, 1910, upon findings in favor of the plaintiff, in an action to foreclose a special assessment lien.  Affirmed.

*McCafferty, Robinson & Godfrey*, for appellant.

*Chas. Ethelbert Claypool* (*C. E. Collier*, of counsel), for respondent.

CROW, J.—This action was commenced by the city of Olympia against Eunice M. Turpin, to foreclose a special assessment lien.  From a decree in plaintiff's favor, the defendant has appealed.

Appellant owned a lot abutting upon Main street in the city of Olympia.  The sidewalk in front of the lot was in a dangerous condition and bad repair.  The city notified ap-

[1]Reported in 127 Pac. 210.

pellant to construct a new walk, which she failed and refused to do. Thereupon the city constructed a new walk, and to pay the expense incurred, levied the special assessment which it now seeks to foreclose. In its amended complaint, the city in substance alleged, that appellant owned the lot; that J. W. Robinson is her authorized agent; that acting under the authority of the laws of the state of Washington, and of Ordinance No. 718 of the city of Olympia, the street commissioner notified appellant to construct a new walk; that she failed to do so; that the city thereupon constructed the walk; and that the assessment was levied and confirmed, which appellant failed to pay. Appellant denied the allegations of the complaint in the following language:

"Answering paragraphs I-II-III-IV-V-VI-VII-VIII-IX-X-XI and XII, she denies any knowledge or information thereof sufficient to form a belief and hence denies the same and demands the proof, except wherein in any of said paragraphs named it is alleged by the city that notice was given to this defendant of any of the matters or things or acts therein stated, or related and as to all such allegations whether made by direct allegation or by inference she denies the same and each and every part and the whole thereof."

Appellant now contends that the authority under which the city assumed to proceed was chapter 37, Laws 1905, page 61 (Rem. & Bal. Code, §§ 7872, 7873) ; that Ordinance No. 718 antedated the enactment of that statute, and that the city, for the want of any ordinance providing for the application and enforcement of the statute of 1905, was without authority to exercise the powers thereby granted. Ordinance No. 718 was passed to provide for the application and enforcement of an earlier statute, enacted in 1895, and amended in 1899 (Rem. & Bal. Code, §§ 7870, 7871), which statute was not repealed by the later act of 1905. Section 2 of the act of 1905 (Rem. & Bal. Code, § 7873), expressly provides that "nothing in this act shall be construed to limit or repeal any existing powers of cities or towns with reference to the improvement or maintenance of sidewalks

. . . , but the power and authority herein granted is to be exercised concurrent with and in extension of the powers and authorities now existing . . ." The city acted with authority, under the statute of 1895, as amended in 1899, and under Ordinance No. 718.

Appellant further contends that there was not sufficient evidence to show that notice to make the improvement and notice of the special assessment were served upon her. There was some attempt to show that notices had been served upon her by mail; but assuming the insufficiency of this evidence, there was positive proof that the notices had been served upon J. W. Robinson, her alleged agent; that he, as her agent, requested the city to furnish him a written statement of the cost of the improvement, and that as her agent he later filed exceptions to the assessment. It is contended that his agency was not shown. If it be conceded that proof of his agency would have been insufficient had such alleged agency been in issue, we hold that evidence of his agency was unnecessary, as no such issue was tendered by the pleadings. His agency was expressly alleged in paragraph 4 of the amended complaint. To this allegation appellant's only denial or answer was an allegation of want of knowledge or information sufficient to form a belief. Whether J. W. Robinson was appellant's agent was a fact within her personal knowledge, and the attempted denial of the allegation of agency for want of knowledge or information was evasive and insufficient to tender an issue.

In *Raymond v. Johnson*, 17 Wash. 232, 49 Pac. 492, 61 Am. St. 908, this court said:

"Appellant's answer to the fourth allegation of the complaint is a denial of information or knowledge sufficient to form a belief as to the facts set forth in the paragraph mentioned. It will be observed that the averment is an agreement between respondent and appellant. Presumptively appellant had positive knowledge of these facts. The approved rule seems to be, when such knowledge is with the defendant,

he cannot evade a positive denial by a disavowal of knowledge."

In *Chicago, R. I. & E. P. R. Co. v. Wertheim* (N. M.), 110 Pac. 573, 30 L. R. A. (N. S.) 771, the court, citing numerous authorities, including *Raymond v. Johnson, supra,* said:

"The answer, as we have seen, was a denial on information and belief, while this tendered an issue upon some of the matters set up in the complaint, it did not have this effect as to the allegation that the defendant was operating the line of road at the place and time in question. This was a matter necessarily within the knowledge of the defendant, and as to such the law does not permit a denial upon information and belief."

Our code of procedure, Rem. & Bal. Code, § 264, provides that:

"The answer of the defendant must contain,—

"(1)    A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; . . . ."

The privilege thus granted, to deny knowledge or information of an allegation of the complaint, is necessarily subject to the limitation that facts actually or presumably within the personal knowledge of the pleader cannot be thus denied.    Under the pleadings as framed, the alleged agency stands as admitted for the purposes of this case.    The answer did deny service on appellant, but the proof of service upon her admitted agent met this issue.

We find no error in the record.    The judgment is affirmed.

MOUNT, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.