MARTIN v. KENNECOTT COPPER CORPORATION.

(District Court, W. D. Washington, N. D.   July 11, 1918.)

No. 3820.

1. PLEADING ⊂⇒122—DENIALS—SUFFICIENCY.
   A person cannot deny existence of a statute upon information and belief.

2. MASTER AND SERVANT ⊂⇒348—WORKMEN'S COMPENSATION—SUPERSEDING COMMON-LAW REMEDIES.
   Workmen's Compensation Act Alaska, §§ 7, 21, 22, supersedes the common law, and no action can be brought for injuries in any court, federal or otherwise, outside the territory of Alaska.

3. MASTER AND SERVANT ⊂⇒348—WORKMEN'S COMPENSATION—OPERATION.
   The Alaska Workmen's Compensation Act enters into and becomes part of the contracts of employment in such territory as fully as though stipulated therein.

At Law.   Action by Mike Martin against the Kennecott Copper Corporation.   On motion by defendant to strike denials filed by plaintiff to the answer and for judgment on the pleadings.   Motion granted.

John T. Casey, of Seattle, Wash., for plaintiff.
Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendant.

NETERER, District Judge.   The plaintiff seeks to recover from the defendant damages for injuries received while being employed in the mine of the defendant in Alaska, alleging negligence on the part of the defendant.   The defendant answers with certain denials and admissions, and pleads affirmatively chapter 71, Session Laws of the Territorial Legislature of Alaska for the year 1915, commonly called the Workmen's Compensation Act of Alaska, praying that the said law be declared the law of this case, and that by virtue of section 22 of said act the plaintiff be declared not entitled to maintain this action in this court, and that the same be dismissed.   The plaintiff has filed a denial upon information and belief with relation to this act, and further states:

"That if said act was regularly passed, and is a valid and constitutional enactment, in whole or in part, and held to be the law of this case, plaintiff hereby elects to accept the compensation which a jury may award under the provisions of said compensation act."

A motion has been made to strike the several denials as insufficient and evasive, irrelevant, and immaterial, and for judgment upon the pleadings.

[1] I think the denials are insufficient, as the privilege granted must necessarily be subject to the limitation that acts presumably within the personal knowledge cannot be thus denied, nor is this privilege extended to denial of a matter of public record.[1]

---

[1] 31 Cyc. pp. 200–202; Raymond v. Johnson, 17 Wash. 232, 49 Pac. 492, 61 Am. St. Rep. 908; Sumpter v. Burnham, 51 Wash. 599, 99 Pac. 752; Belknap Glass Co. v. Brown, 69 Wash. 127, 124 Pac. 390; Olympia v. Turpin, 70 Wash. 581, 127 Pac. 210; Canyon Lbr. Co. v. Sexton, 93 Wash. 620, 161 Pac. 841.

[2] Section 21 of the Alaska Workmen's Compensation Act provides that:

"Actions for the recovery of compensation due under this act may be brought, maintained and determined in and by the courts of this territory, and when so brought shall be governed by the law of procedure applicable to other actions for the recovery of money except as herein otherwise expressly provided."

Section 22 provides:

"No action for the recovery of compensation hereunder shall be brought in any court holden outside of the judicial division in which the injury occurred, out of which the right to compensation arises except in cases where service cannot be had on the employer in the judicial division where the injury occurred. Any attempt to bring such action in any court outside of the territory of Alaska shall work a forfeiture of the right of the plaintiff in such action to compensation under this act."

Section 7 of the act provides:

"The right to compensation for an injury and the remedy therefor granted by this act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this act, shall accrue to employés entitled to compensation under this act while it is in effect; nor shall any right or remedy, except those provided for by this act, accrue to the personal or legal representative, dependents, beneficiaries under this act, or next of kin of such employé."

The Alaska statute, by express provision, supersedes the common law and by comprehensive provision covers the field of liability in this case. The plaintiff's right of recovery is statutory and the limitations of the parties are fixed by the act. The remedy provided for the omissions of duty charged in this case is dissimilar to that afforded by the common law, and recovery under the Alaska law cannot be enforced in this proceeding (Slater v. Mexican National Railroad Company, 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900), since the cause of action is made local by the express terms of the statute. The only source of liability is the law of Alaska, which determines the extent. Smith v. Condry, 1 How. 28, 11 L. Ed. 35. The action is not transitory, but local, and the forum is fixed, and the remedy may not be sought here. Southern Pac. Co. v. Dusablon, 48 Tex. Civ. App. 203, 106 S. W. 766.

[3] The act in issue has been sustained by the Circuit Court of Appeals of this circuit. Johnston v. Kennecott Copper Corp., 248 Fed. 407, —— C. C. A. ——. The provisions of the law enter into and become part of the contract of employment as fully as though stipulated therein. McCracken v. Hayward, 2 How. 608, 11 L. Ed. 397.

The motion of the defendant must therefore be granted.