[No. 29744.   Department Two.   August 15, 1946.]

PERRY DAVIS, *Appellant,* v. P. E. HARRIS & Co., *Respondent.*[1]

[1]Reported in 171 P. (2d) 1016.

*Griffin & Gershon* and *Russell F. Stark,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondent.

ROBINSON, J.—The appellant's brief states that the sole question involved on this appeal is as follows:

"Is the action of an injured workman under the Alaska Workmen's Compensation Act a transitory action that he may bring in the State of Washington notwithstanding the provisions of the Alaska statutes which provide that the action must be brought in Alaska?"

The statement is not quite complete. It should be made so by adding thereto:—except in those cases where it is impossible to obtain service on the defendant in said territory.

The trial court entered the following findings of fact:

"I. That at all times herein mentioned defendant was and is a corporation duly organized and existing under the laws of the State of Washington and maintaining its principal office and place of business at Seattle, Washington; that defendant's principal business is canning salmon on land adjoining Alaskan waters.

"II. That in April 1942 the defendant entered into a verbal agreement whereby the deceased Archibald Davis, son of the plaintiff, was to work for the defendant as a member of the crew of one of the defendant's boats, used exclusively in its said canning operations.

"III. That the said Archibald Davis now deceased accidently lost his life while on said boat so operated by the defendant and that the plaintiff herein has elected to seek compensation under the Alaska Workmen's Compensation Act. That Section 2185 of the Workmen's Compensation Act of Alaska provides:

" *'Territorial courts only have jurisdiction; exceptions.* No action for the recovery of compensation hereunder shall be brought in any court holden outside of the judicial division in which the injury occurred, out of which the right to compensation arises, except in cases where service can not be had on the employer in the judicial division where the injury occurred. No action for the recovery of compensation hereunder shall in any case be brought in any court outside of the Territory of Alaska, except in cases

where it is not possible to obtain service of summons upon the defendant in said Territory, and in all such cases the plaintiff must plead and prove his inability to obtain service of summons upon the defendant within the Territory of Alaska.'

That it affirmatively appears that the defendant had a statutory agent in the Territory of Alaska at all times upon whom service of process could be made. That the foregoing section of the Alaska Workmen's Compensation Act is constitutional and that said provision does not preclude the claimant from having a remedy. That this action is not transitory and that this court does not have any jurisdiction in the matter."

■ Inasmuch as the appellant has not brought up the evidence in the cause, he is bound by the above findings in so far as they are factual. He can, and does, attack the trial court's conclusion that the action is not transitory.

The Alaska workmen's compensation act may be found in the Compiled Laws of Alaska of 1933, §§ 2161 to 2203, inclusive. It has been amended at nearly every biennial legislative session since 1933, but we find no subsequent amendment of § 2185, which is the section quoted in the findings of the trial court.

■ The act is not an industrial insurance act. Unlike our state act, there is no provision for a state fund, nor is any governmental agency set up to administer the act. It contains no provision, such as the following, so often quoted from our own statute:

" . . . The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; *and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided.*" (Italics ours.) Rem. Rev. Stat., § 7673 [P.P.C. § 702-1].

The Alaska act is elective. The workman may retain his common-law remedies, if he so desires, or he may elect to come under the act, which provides a schedule of payments to be made by his bonded employer in case of injury or death. In case default as to such payments occurs, he may recover them by court action. In short, the Alaska act simply creates a new remedy, a purely statutory remedy. It would seem, since the legislature was in no way bound to create this new remedy, that it could limit it as it pleased, particularly since no workman is compelled to come under that act. But this is to assume the answer to the question submitted for our decision.

Originally, the act was more drastic as respects the venue of actions brought under it. At the time *Martin v. Kennecott Copper Corp.*, 252 Fed. 207, was decided in the district court for the western district of Washington, the act provided, as is shown by the following quotation from the opinion:

"No action for the recovery of compensation hereunder shall be brought in any court holden outside of the judicial division in which the injury occurred, out of which the right to compensation arises except in cases where service cannot be had on the employer in the judicial division where the injury occurred. *Any attempt to bring such action in any court outside of the territory of Alaska shall work a forfeiture of the right of the plaintiff in such action to compensation under this act.*" (Italics ours.)

Upon considering the italicized portion of the above quotation, it will at once be realized that the statute, as it then read, was much more subject to criticism than the present statute; yet, Judge Neterer held as follows:

"The Alaska statute, by express provision, supersedes the common law and by comprehensive provision covers the field of liability in this case. *The plaintiff's right of recovery is statutory and the limitations of the parties are fixed by the act.* The remedy provided for the omissions of duty charged in this case is dissimilar to that afforded by the common law, and recovery under the Alaska law cannot be enforced in this proceeding (*Slater v. Mexican National Railroad Company,* 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900), since the cause of action is made local by the express

terms of the statute. The only source of liability is the law of Alaska, which determines the extent. *Smith v. Condry,* 1 How. 28, 11 L. Ed. 35. *The action is not transitory, but local, and the forum is fixed, and the remedy may not be sought here. Southern Pac. Co. v. Dusablon,* 48 Tex. Civ. App. 203, 106 S. W. 766. [Italics ours.]

"The act in issue has been sustained by the Circuit Court of Appeals of this circuit. *Johnston v. Kennecott Copper Corp.,* 248 Fed. 407, 160 C. C. A. 417. The provisions of the law enter into and become part of the contract of employment as fully as though stipulated therein. *McCracken v. Hayward,* 2 How. 608, 11 L. Ed. 397."

We do not consider that the three Federal cases upon which the appellant relies, *Texas Pipe Line Co. v. Ware,* 15 F. (2d) 171, *United Dredging Co. v. Lindberg,* 18 F. (2d) 453, and *Franzen v. E. I. du Pont de Nemours & Co.,* 146 F. (2d) 837, lend much, if any, support to his contention. All three actions were brought in Federal courts to enforce rights under the Louisiana workmen's compensation act. In each of them, it was contended, unsuccessfully, that, in that act, the right was so interwoven with the remedy as to make it impossible of enforcement in the Federal courts. The principal controversy seems to have revolved around whether the Federal courts possessed the procedural machinery required to enforce the Louisiana act, which provided, among other things, for a review and modification of judgments more than a year after their entry. The respondent asserts, in his brief, that the Louisiana statute contains no provision even similar to that provision of the Alaska statute with which we are here concerned, and we find nothing in the three opinions to indicate that it does.

We get closer to the question involved in this appeal when we come to *Tennessee Coal, Iron & R. Co. v. George,* 233 U. S. 354, 58 L. Ed. 997, 34 S. Ct. 587, which the appellant says is "perhaps the leading case." It appears, from the opinion in that case, that the Alabama code of 1907, in § 3910, made a master liable to an employee when an injury was

" . . . caused by reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the master or employer."

Clearly, this section defined a simple tort liability that any court could readily enforce. It further appears that it was provided, in a different and widely separated section of the code, § 6115, that:

". . . all actions under said section 3910 must be brought in a court of competent jurisdiction within the State of Alabama and not elsewhere."

The court held that the cause was transitory in its nature, and that the courts of other states could, therefore, enforce it, adding that, if this were not so, the employer could leave the state of Alabama, and not be subject to suit anywhere. That, said the court, would deprive the employee of "a fixed right." But not so in the instant case. We requote the pertinent portions of the Alaska statute:

"No action for the recovery of compensation hereunder shall in any case be brought in any court outside of the Territory, . . . *except in cases where it is not possible to obtain service of summons upon the defendant in said Territory,* . . ." (Italics ours.)

There can be no doubt that it is the general rule that courts will enforce legal rights of a general nature wherever arising, and whether given by common law or created by statute, unless clearly contrary to the policy of the forum. The rule, supported by a long list of authorities, was so stated in the recent decision of this court in *Richardson v. Pacific Power & Light Co.,* 11 Wn. (2d) 288, 118 P. (2d) 985.

There are many exceptions to the rule. We quote further from the opinion in *Tennessee Coal, Iron & R. Co. v. George:*

"There are many cases where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act. For the rule is well settled that 'where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed.' *Pollard v. Bailey,* 20 Wall. 520, 527; *Galveston Ry. v. Wallace,* 223 U. S. 481, 490; *Stewart v. B. & O. R. R.,* 168 U. S. 445; *National Bank v. Francklyn,* 120 U. S. 747, 753.

"But that rule has no application to a case arising under the Alabama Code relating to suits for injuries caused by

defective machinery. For, whether the statute be treated as prohibiting certain defenses, as removing common law restrictions or as imposing upon the master a new and larger liability, it is in either event evident that the place of bringing the suit is not part of the cause of action,—the right and the remedy are not so inseparably united as to make the right dependent upon its being enforced in a particular tribunal."

We are in accord with the above statement of the law, and especially with that portion of it which precedes the citations therein contained. The very recent opinion of this court in *Grant v. Pacific Gamble Robinson Co.*, 22 Wn. (2d) 65, 154 P. (2d) 301, after stating the rule that statutory or common-law rights, recognized by the laws of sister states, will be enforced in our courts, goes on to say:

"This rule, however, does not apply if the right given is, by the terms of the statute creating it, to be enforced by prescribed proceedings within the state of its enactment, or the existence of a cause of action is conditional on some act or event. *Galveston, Harrisburg & San Antonio R. Co. v. Wallace*, 223 U. S. 481, 56 L. Ed. 516, 32 S. Ct. 205; *Howarth v. Lombard*, 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301; 11 Am. Jur., Conflict of Laws, p. 310, § 11; Restatement of the Law, Conflict of Laws, p. 735, § 618; 12 C. J., Conflict of Laws, 438, § 11.

"In the *Galveston* case, the court said, p. 490:

" 'Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right.'

"In the *Howarth* case, the court said, p. 573:

" 'If the right by the terms of the statute creating it is to be enforced by prescribed proceedings within the State, the right is limited by the statute, and can only be enforced in accordance with the statute.' "

We are here dealing with such a right. In the *Tennessee Coal Company* case, as we understand it, a right was created by statute. Another statute prohibited a plaintiff from enforcing it in any other jurisdiction. The supreme court said:

"The right and the remedy are not so inseparably united as to make the right dependent upon its being enforced in a particular tribunal."

■ We think it is otherwise in the instant case. By the Alaska statute, the workman is afforded a new statutory right, compensation regardless of fault, which right he may accept, if he desires, on condition that he will enforce it in the courts of Alaska, if it is possible to get jurisdiction of the defendant there. We think that Judge Neterer rightly held, in *Martin v. Kennecott Copper Corp., supra,* that the condition inheres in the right. The election on the part of the workman to take advantage of the act may justly be regarded as a voluntary consent and agreement that he will pursue his remedy in the Alaska courts, provided he can get jurisdiction of the defendant there. Paraphrasing the language of Mr. Justice Holmes in *Slater v. Mexican Nat. R. Co.,* 194 U. S. 120, 126, 48 L. Ed. 900, 24 S. Ct. 581, it seems to us unjust to allow a plaintiff to come here, absolutely depending upon the law of Alaska for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose.

The judgment of the trial court is affirmed.

BEALS, C. J., BLAKE, and JEFFERS, JJ., concur.