HENRY SCHROEDER *et al. vs.* A. R. CAPEHART.

Argued April 22, 1892. Decided May 16, 1892.

Pleading—Denial.—A denial upon information and belief, which was permitted to stand without objection, *held* to raise an issue which could not be disregarded at the trial.

Appeal by defendant A. R. Capehart from a judgment of the Municipal Court of the City of St. Paul, *Cory,* J., entered July 30, 1891, for $328.26.

The plaintiffs, Henry Schroeder and Herman Schroeder, brought this suit to recover the reasonable value of milk and cream sold and delivered to defendant at the Clifton Hotel, St. Paul, between June 1 and October 16, 1890. The defendant denied that he had knowledge or information sufficient to form a belief as to whether plaintiffs sold or delivered the milk or cream. Defendant also denied that the goods were of the value alleged. One of the plaintiffs was a witness on the trial. On his cross-examination defendant asked him who delivered the milk. Plaintiff objected to this as immaterial under the pleadings. The Court sustained the objection, on the ground that the answer did not deny, but admitted, the delivery of the milk. Defendant excepted, and, judgment having been entered against him, appealed, and assigned this ruling as error.

*F. G. B. Woodruff,* for appellant.

*Henry & R. L. Johns,* for respondents.

VANDERBURGH, J. The denial upon information and belief as to the sale and delivery of the goods in question was not a nullity, and raised an issue while it was suffered to remain in the pleading. *Smalley* v. *Isaacson,* 40 Minn. 452, (42 N. W. Rep. 352.)

Upon a motion to strike it out, or to require the pleading to be amended, it might appear that the defendant's liability arose upon an implied contract for goods furnished to an agent, or at defendant's place of business, under circumstances showing that the denial in the answer in the form adopted was consistent with good faith on

the defendant's part. At any rate, until stricken out, it could not be disregarded.

The court therefore erred in holding that the pleadings admitted the quantity of the goods furnished, and that the only issue was that of the value thereof. For this error there must be a new trial. Other assignments need not be noticed.

Judgment reversed, without costs in this court.

(Opinion published 52 N. W. Rep. 140.)