Nashville, &c., Railroad Company v. Carrico.

CASE 85—PETITION ORDINARY—MAY 3.

# Nashville, &c., Railroad Company v. Carrico.

APPEAL FROM MARION CIRCUIT COURT.

| 95 | 489 |
| e113 | 533 |
| e115 | 51 |
| 95 | 489 |
| 127 | 650 |
| 95 | 489 |
| 129 | 454 |

1. PLEADING—TRAVERSE.—In an action against a common carrier to recover damages for injury to live stock while being transported by it, a denial by defendant of knowledge or information sufficient to form a belief as to whether it injured the stock is not good.

2. VENUE OF ACTION AGAINST COMMON CARRIER.—Where a contract made with a railroad company for the shipment of live stock provided for the transportation of the stock over the line of another company, which was to receive its proportion of the price of transportation, the former company must be regarded as having made the contract as the latter's agent, and an action against the latter company to recover damages for injury to the stock while being transported over its road may be brought in the county in which the contract was made by the former company.

3. SERVICE OF PROCESS in such an action was properly had upon the defendant's agent nearest the county seat of the county in which suit was brought, although in another county.

HUGH P. COOPER FOR APPELLANT.

1. The trial court did not have jurisdiction of appellant. (Civil Code, secs. 58, 73, 78, 80, 419.)

2. It was error to take from the jury, by peremptory instruction, the issues of fact.

3. In the absence of allegation and proof of legislative authority the appellant could not lease, or be made liable for injuries occurring on the Western & Atlantic Railway.

RIVES & SPALDING FOR APPELLEE.

1. As the contract of transportation was made in Marion County, suit on the contract was properly brought in that county. (Civil Code, sec. 73.)

2. The service of process was sufficient to bring appellant into court. (Civil Code, sec. 51, subsec. 4; Adams Express Co. v. Crenshaw, 78 Ky., 136.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee, Carrico, against

the Louisville & Nashville Railroad Company and appellant, Nashville, Chattanooga & St. Louis Railroad Company, both being common carriers, to recover damages for injury to a car load of mules shipped at Lebanon, Marion County, Kentucky, under contract for safe delivery at Atlanta, Georgia.

The contract was made by appellee with the first-named company which undertook to transport the animals to Nashville, Tennessee, to be carried from there by the latter company, which appears to either own or have in its possession and control a continuous line of railway to Atlanta. It is in substance alleged that the Nashville, Chattanooga & St. Louis Company agreed to transport appellant's mules from Nashville to Atlanta, receiving therefor a proportion of the whole amount fixed in the contract with Louisville & Nashville Company for the whole distance, but by negligence of its agents in operating the train on which the animals were placed, they were greatly injured.

But that company did not, as required by the Civil Code in such case, deny appellee's mules were, while being transported on its road, injured as alleged in the petition, but simply stated it did not have sufficient information to form a belief on the subject. Subsection 7, section 13, authorizes such traverse by a party only when facts alleged in an adverse pleading are not presumptively within his knowledge. But when, as here, it is the duty of a railroad company, by its managing officers, to know whether its trains have been operated properly or in such manner as to destroy life and property, a mere denial of sufficient knowledge or information to form a belief concerning the fact, does not amount to a traverse. The

lower court therefore properly instructed the jury to find
for the plaintiff, appellee, if it had jurisdiction to try the
case at all.

The action having been dismissed as to the Louisville
& Nashville Company, the question arises whether the
Marion Circuit Court acquired jurisdiction of the Nash-
ville, Chattanooga & St. Louis Company by simple service
of process on its chief officer or agent in the county of
Fulton, in which it operates one of its railroads.   And
that question depends upon construction of section 73,
Civil Code, as follows:   "An action against a common
carrier, whether a corporation or not, upon a contract to
carry property, must be brought in the county in which
the defendant, or either of several defendants, resides;
*or in which the contract is made,* or in which the carrier
agrees to deliver the property."

Appellant did not reside in the county of Marion, nor
were the mules agreed to be delivered there.   But it
seems to us the contract in this case, having been made
in Marion County by the Louisville & Nashville Railroad
Company, acting as appellant's agent, must, in meaning of
that section, be regarded as made there by appellant
itself.   And, consequently, the Marion Circuit Court had
jurisdiction of the person of appellant if the summons
was served according to subsection 4, section 51, which
provides that in an action brought pursuant to section 73,
as was done in this case, "if a defendant operate a rail-
road it may be served upon defendant's passenger or
freight agent at, or nearest to, the county seat of the
county in which the action is brought."

The record, in our opinion, shows existence of each of

the conditions of jurisdiction of the Marion Circuit Court and validity of a service of summons prescribed by the Civil Code. And as there is no question made of the correctness of the judgment upon any other ground, it must be affirmed.