CASE 45.—ACTION BY C. RICHARDSON AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. FOR DAMAGES IN SHIPPING CARLOAD OF HOGS.—June 20, 1908.

# Richardson v. Louisville & Nashville R. R. Co

Appeal.from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant. Plaintiff appeals.—Reversed.

Limitation of Actions—Limitation Applicable—Transportation of Live Stock—Contracts.—Plaintiff made an express contract with an initial carrier to transport a carload of hogs to the junction between its road and that of defendant and deliver the same to defendant for transportation at the rate of $36 per car for the whole distance; the contract providing that the initial carrier should deliver the hogs to defendants as the shipper's agent, and that they should be forwarded by defendant on the same terms as those specified in such contract. By an agreement between the two carriers the freight received of either designated to points of the line of the other was shipped on a through rate divided between them, and the agent of the initial carrier in making the contract in question acted on behalf of both roads. Held, that defendant, by accepting and forwarding the hogs to destination under the original contract, ratified the execution thereof by the initial carrier's agent on its behalf, so that an action for injuries to the hogs might be brought against defendant on the written contract, and was therefore not barred until after 15 years under Ky. Stats. 1903, section 2514, limiting actions on written contracts to 15 years after the cause of action accrued

Judges Hobson and Barker dissenting.

Richardson v. Louisville & Nashville R. R. Co.

## ON PETITION FOR REHEARING.

1. Venue—Action in Wrong County—Mode of Objection—Waiver of Objection.—Under Civil Code .Prac., section 73, providing that an action against a carrier on a contract of carriage must be brought in the county where defendant resides, or where the contract is made, etc., and section 92, providing that a special demurrer is an objection to a pleading which shows that the court has no jurisdiction of defendant, etc., a demurrer to the petition in such an action for want of jurisdiction of the cause of action is bad, where the petition does not show that the county where the action is brought is not the county where the contract was made or where defendant resides, and the objection of want of jurisdiction over defendant, not being raised by answer, is waived.

2. Pleading—Plea to Jurisdiction—Contents.—Where the petition to which it is desired to demur specially on the ground that the court has no jurisdiction of defendant, or of the subject of the action, fails to disclose the want of jurisdiction, defendant, if he desires to raise the question, should point out distinctly, in an answer or other pleading, as provided in Civil Code Prac., section 118, the reasons why the court has not jurisdiction, so that the court may be informed of the grounds on which the special demurrer is rested.

3. Courts—Circuit Courts—Jurisdiction—Presumptions.—Circuit courts are courts of general jurisdiction, and it will be presumed, in the absence of a showing to the contrary, that they have jurisdiction of defendant.

GRANT E. LILLY for appellant.

This case involves a question of jurisdiction and also a question of limitation.

1. We submit that when the appellant offered an amended petition in open court to the filing of which appellee objected the appellee thereby entered his apparanc to th action and cannot threafter raise the question of venue.

2. The action was founded on a contract in writing and was for injury to property. The statement of the petition is clear that the contract was in writing and was made by defendant's authorized agent. The judge of the lower court had no right to disregard these allegations and obtrude his own opinion on a question of fact in the formation of the pleadings.

BENJAMIN D. WARFIELD and FRED P. CALDWELL for appellee.

### POINTS DISCUSSED AND AUTHORITIES CITED.

1. The Madison circuit court had no jurisdiction of this action. The action was brought upon an alleged contract to carry property. Section 73, Civil Code, provides that such action must be brought in one of three counties—the county in which the defendant resides, the county in which the contract was made, or the county in which the carrier agreed to deliver the property. Defendant in this action resides in Jefferson county; the alleged contract, if made at all, was made in Estill county, and the delivery was to be made in Kenton county. (Railway Co. v. Viers, 113 Ky., 526; Southern Ry. Co. v. Casell, 28 Ky. Law Rep., 1230.)

2. The action is barred by the statute of limitations. This action was brought on the 13th day of April, 1905, on a contract and shipment alleged to have been made January 19, 1893, more than 12 years before the action was instituted. Being an action on an alleged contract, which it is nowhere contended was signed by the defendant, it is barred in 5 years under Ky. Stats., sec. 2515. (Burnside & Cumberland River R. R. Co. v. Tupman, 24 Ky. Law Rep., 2054.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On January 19, 1893, C. Richardson shipped from Irvine, in Estill county, Ky., to Cincinnati, Ohio, a carload of hogs. The car was carried by the Richmond, Nicholasville, Irvine & Beattyville Railroad Company to Richmond, Ky., and then turned over to the Louisville & Nashville Railroad Company, to be carried by it to Cincinnati. When the car reached Cincinnati and was delivered, the hogs were in bad condition and some of them were dead. Richardson thereupon brought an action against the Richmond, Nicholasville, Irvine & Beattyville Railroad Company to recover damages, charging that the loss was due to the negligence of the carrier. That company showed

that it transported the hogs to Richmond in due time
and turned them over to the Louisville & Nashville
Railroad Company in good condition.  On this proof
it was held that he could not recover against that com-
pany.  R., N., I. & B. R. Co. v. Richardson, 43 S. W.
465, 19 Ky. Law Rep. 1495; Id., 66 S. W. 1035, 23 Ky.
Law Rep. 2234.  After his action against that com-
pany had been dismissed, Richardson on April 13,
1905, brought this suit against the Louisville & Nash-
ville Railroad Company, charging that the losses were
due to its negligence.  Among other things, appellee
pleaded the 5-year statute of limitation; the action not
having been brought until something over 12 years
after the cause of action accrued.  The circuit court
held the plea good, and dismissed the action, and Rich-
ardson appeals.

The hogs were shipped under a written contract,
which is as follows: "Irvine, Ky., Station, Jan. 19,
1893.  This memorandum of a special contract of car-
riage between the Richomnd, Nicholasville, Irvine &
Beattyville Railroad and C. Richardson, of Irvine,
Ky., witnesseth: Whereas, the said Richardson has
this day shipped a carload of hogs to be carried by the
Richmond, Nicholasville, Irvine & Beattyville Rail-
road from Irvine, Ky., to Richmond, both points on its
own line of road, and by it as agent of shipper to be
forwarded to Green & Embry at Cincinnati, Ohio, on
the same terms as this contract:  In consideration of
the special rate of $36 for car guaranteed by said rail-
road company between said point of shipment and
Cincinnati, Ohio, the shipper hereby agrees to load,
unload, feed, water, and take all proper care of said
stock, and insure the said railroad company and all
connecting lines over which said stock may pass be-
tween point of shipment and destination from all loss

or damage which may be incurred by delays in transportation or delivery, or arising out of its responsibility as master over its agents or servants (gross and wanton negligence excepted) growing out of this shipment. The shipper hereby further agrees that the actual value of said stock at the time and place of shipment shall govern the settlement of all damages for which the carriers may be liable, and declares the value of the stock herein described does not exceed $12 for each hog. In witness hereof, the agent of the company and the owner of the stock, or his authorized agents, have fixed their signatures to two copies of this agreement (signed) C. Richardson, Owner. J. W. Rock, Agent for R., N., I. & B. R. R. Co.'' The plaintiff alleged in his petition that by agreement between the two railroad companies freight was received by either destined to points on the line of the other, and by mutual agreement the rates were made and charged by each for the entire carriage to the point of destination, this charge being by mutual agreement divided between the two companies; that the written contract above quoted was made by the initial carrier pursuant to this agreement; that the defendant was to receive and did receive its part of the price charged for carrying the hogs; that Rock, in making the written contract, was acting for and on behalf of both roads; that both roads accepted and carried the stock under the written contract; and that the defendant company was the only connecting carrier between Richmond. Ky., and Cincinnati, Ohio.

By section 2514 of the Kentucky Statutes of 1903, an action upon a written contract may be commenced within 15 years after the cause of action accrued. By section 2515, Ky. Stats., 1903, an action upon a contract not in writing, signed by the parties, express or

implied, may be commenced within 5 years next after the cause of action accrued. It is insisted that this action is upon an implied contract within the meaning of section 2515, supra, and hence barred by the 5-year statute. But this action is not based on an implied contract. The contract was in writing, signed by Richardson and J. W. Rock, agent for the Richmond, Nicholasville, Irvine & Beattyville Railroad Company. It is made in consideration of $36, which is the entire charge for the transportation of the cattle from Irvine, Ky., to Cincinnati, Ohio. If there was a traffic agreement by which the initial carrier was authorized to make this contract for the Louisville & Nashville Railroad Company, or if the Louisville & Nashville Railroad Company accepted the goods and carried them under the contract made with the Richmond, Nicholasville, Irvine & Beattyville Railroad Company, its acceptance of the goods would be a ratification of the act of its agent in making the contract and would relate back to the time it was made. The principal, who accepts the benefit of a contract made for him by his agent, not only ratifies the action of the agent, but the ratification relates back to the beginning. 1 Parsons on Contracts, *50, *51. That the second carrier, when it accepted the stock from the initial carrier, was bound by the contract made with it, has been held by this court in a number of cases. Nashville, etc., R. Co. v. Carrico, 95 Ky. 489, 26 S. W. 177, 16 Ky. Law Rep. 86; P., C., C. & St. L. R. Co. v. Viers, 113 Ky. 526, 24 Ky. Law Rep. 256, 68 S. W. 469; L. & N. R. Co. v. Chestnut, 115 Ky. 43, 72 S. W. 351, 24 Ky. Law Rep. 1846; I. C. R. Co. v. Curry, 127 Ky. 643, 106 S. W. 294, 32 Ky. Law Rep. 513.

It is insisted that the written contract only obligates the initial carrier to carry the freight from Irvine to

Richardson v. Louisville & Nashville R. R. Co.

Richmond, and to forward it as agent of the shipper from Richmond to Cincinnati; that there is nothing in the contract placing any obligation upon the second carrier. But, when the Louisville & Nashville Railroad Company accepted the freight under the contract made with the initial carrier, it bound itself to transport the freight to its destination, which was upon its line of road. The legal effect of the acceptance was the same as if the connecting carrier had in the first place signed the contract. The initial carrier was the agent of the connecting carrier, and it was liable on the contract made with the initial carrier.

As the contract was in writing, this action was upon a written contract made by the defendant, within the meaning of section 2514 of the Kentucky Statutes of 1903, and the demurrer to the plea of limitation should have been sustained.

Judgment is reversed, and cause remanded for further proceedings consistent herewith.

JUDGES HOBSON AND BARKER dissent.

ON PETITION FOR REHEARING.

In the petition for rehearing it is suggested that the court in the opinion made no reference to the question raised by appellee in the lower court, and urged by it in the brief filed in its behalf in this court, that the Madison circuit court had no jurisdiction to hear and determine this case. The action was brought under section 73 of the Civil Code of Practice, providing that: "Excepting the actions mentioned in section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the contract is made; or in which the carrier agrees to

·deliver the property. * * *'' It will thus be seen that the venue of the action is limited to either one of three counties. In the brief filed on the original hearing, as well as in the petition for rehearing, it is stated that the contract was entered into in Estill county, that the appellee's residence is in Jefferson county, and the property was to be delivered in Kenton county. Neither of these facts appear in the record. The jurisdictional question was not properly raised or made in the lower court. For this reason it was not noticed in the opinion, and would not now be considered, except for the insistence of counsel that the plea to the jurisdiction of the Madison circuit court should have been sustained.

Before entering its appearance in the Madison circuit court, the appellee filed the following special demurrer: ''The defendant demurs specially to the plaintiff's petition herein on the ground that this court has not jurisdiction of this cause of action set forth in the plaintiff's petition and amended petition.'' It did not file any other pleading of record stating the reasons why the Madison circuit court did not have jurisdiction, or setting out that it resided in Jefferson county, or that the contract was made in Estill county, or that the property was to be delivered in Kenton county.· The petition did not disclose the fact that the Madison circuit court was not the county in which the contract was made or the county in which the defendant resided. In the absence of a pleading showing a want of jurisdiction, the lower court properly overruled the special demurrer. Section 92 of the Civil Code of Practice provides that: ''A special demurrer is an objection to a pleading which shows: (1) That the court has no jurisdiction of the defendant or of the subject of the action; or (2), that the

plaintiff has not legal capacity to sue; or (3), that another action is pending, in this State, between the same parties, for the same cause; or (4), that there is a defect of parties, plaintiff or defendant. Either of said grounds of objection, shown to exist by a pleading, is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action, which objection is not waived by failing so to make it. * * *" When the petition, to which it is desired to demur specially upon the ground that the court has no jurisdiction of the defendant or of the subject of the action, fails to disclose the want of jurisdiction, the defendant, if he desires to raise the question, should point out distinctly in an answer or other pleading, as provided in section 118 of the Civil Code of Practice, the reasons why the court has not jurisdiction, so that the court may be informed of the grounds upon which the special demurrer is rested.

Circuit courts are courts of general jurisdiction, and it will be presumed, in the absence of a showing to the contrary, that they have jurisdiction of the defendant. The Madison circuit court had jurisdiction of the subject-matter of the action, and as the pleading to which the special demurrer was filed did not disclose the want of jurisdiction over the person of the defendant, and the objection was not made by answer or other pleading, it was waived.

The petition for rehearing is overruled.