[No. 1308, August 16, 1910.]

# CHICAGO, ROCK ISLAND AND EL PASO RAILWAY COMPANY, Appellant, v. JACOB WERTHEIM, Appellee.

### SYLLABUS (BY THE COURT.)

1. Denial upon information and belief of matters necessarily within the knowledge of the pleader is not permissible.

2. In a suit against a railroad company a denial by such company upon information and belief that it was operating a railroad at the time and place alleged being a matter necessarily within defendant's knowledge, raises no such issue upon the pleadings as will admit testimony that it was not operating such railroad over an objection that such testimony was not admissible under the pleadings.

Appeal from the District Court for Quay County before EDWARD A. MANN, Associate Justice. Affirmed.

HAWKINS & FRANKLIN for Appellants.

Parole proof was admissible to show that defendant was not operating the line of railroad which passed through or near to the lands of the plaintiff.

HARRY H. McELROY for Appellee.

A railroad company by the acceptance of its charter and franchises from the state assumes a responsibility toward the public for the proper exercise thereof, and if it

permits others to use its road the latter must be deemed to do so as its agents.

### STATEMENT OF THE CASE.

The appellee Wertheim sued the appellant railway company for damages. The complaint alleges plaintiff's ownership in the North-half of the North-east quarter of Section 22, Township 11, North Range 30 East, New Mexico Principal Meridian. The following allegation then appeared:

"That the defendant now is and was at the time hereinafter mentioned, a corporation organized and existing under and by virtue of the laws of the Territory of New Mexico, owning, controlling and operating a line of railway and a right of way, extending across said Territory near to said land."

It is further alleged that the company negligently and carelessly allowed dried grass and other combustible material to accumulate along the said right of way over which it was then operating trains, and that it carelessly and negligently allowed sparks to escape from engines operated over its railroad track, located on said right of way, and as a result said dried grass and combustible materials were set on fire and same was communicated to the lands of the appellee, with the result that the grass and hay thereon situated were burned and the real estate injured, and plaintiff asked for damages in the sum of four hundred dollars.

The company filed the following answer:

"Comes now the defendant in the above styled and numbered cause and answering the complaint of the plaintiff last filed herein, says:

"Defendant on information and belief denies each and every allegation contained in the complaint of the plaintiff filed herein except only the allegations therein contained to the effect that the defendant is a corporation organized as stated in the said complaint.

'And defendant further denies that the plaintiff is

entitled to the relief, or any part thereof, by him claimed. or to any relief whatsoever."

Jury was waived. From a judgment for one hundred dollars the company prosecutes this appeal.

### OPINION OF THE COURT.

POPE, C. J.—(After making the foregoing statement of the facts.)—The only assignment of error relates to the rejection of the testimony to be now mentioned. Upon the trial the witness Franklin was introduced, who testified that by reason of being the New Mexico attorney for the defendant he passed on the lease between that company and the El Paso and Southwestern system of which he was assistant general attorney and that he also had charge of the settlement of claims over the portion of the railroad (from Tucumcari to Santa Rosa) here involved and had frequent occasion to advise with reference to the operation of that section of the railroad; and that being thus in daily touch with these matters he knew who was operating the road between the points above named. With this preliminary proof it was sought to be shown by the witness that the defendant was not operating or in charge of the track and equipment between Tucumcari and Santa Rosa at the date of the alleged injury. This was objected to on the grounds that the witness had not shown the proper qualification to testify, that the answer involved the contents of a written lease and that the evidence was not admissible under defendant's answer. The objection was sustained and we are asked to review the action of the court in declaring this testimony inadmissible. We find it unnecessary to determine the correctness of this ruling upon the first two objections urged, for we deem the third—that the testimony was not admissible under the pleadings—well taken. The answer, as we have seen, was a denial on information and belief. While this tendered an issue upon some of the matters set up in the complaint it did not have this effect as to the allegation that the defendant was operating the line of road at the place and time in question.

C. R. & E. P. Ry. Co. v. Wertheim.

This was a matter necessarily within the knowledge of the defendant and as to such the law does not permit a denial upon information and belief. 31 Cyc. 201; Weil v. Crittenden, 139 Cal. 488, 73 Pac. 238; Smith v. Stubbs, 16 Colo. App. 130, 63 Pac. 955.

Such a pleading raises no issue of fact. Humphreys v. McCall, 9 Cal. 59; Ord v. Steamer Uncle Sam, 13 Cal. 370; Loveland v. Garner, 74 Cal. 298; Crane Bros. Co. v. Morse, 49 Wis. 368; Carpenter v. Momsen, 92 Wis. 449; Carpenter v. Rolling, 107 Wis. 559; Nashville Co. v. Carrico, 95 Ky. 489, 26 S. W. 177; Avery v. Stewart, 136 N. C. 426, 68 L. R. A. 776; Raymond v. Johnson, 17 Wash. 232, 61 A. S. R. 908; Ensley v. Page, 13 Col. App. 452; Howard v. Maysville Co., 24 Ky. Law Rep. 1051, 70 S. W. 631; Gribble v. Columbus Co., 100 Cal. 67, 34 Pac. 527.

Nor do we consider that the plaintiff waived the question by going to trial without attacking the form of the answer. While the general rule is that an objection to a pleading may be waived by failure to urge the objection at the proper time or by any act which in legal contemplation implies an intention to overlook the defect (31 Cyc. 717; Keator Lumber Co. v. Thompson, 144 U. S. 434; Pring v. Goldenburg, [N. M.] 107 Pac. 529), we find no such failure and no such act here. Neither a motion for judgment on the pleadings nor a demurrer was available as against the answer for it contained denials which, although upon information and belief, were good, as for instance the denials as to the ownership of the premises and the suffering of damage. These preliminary methods of attack were therefore not open to plaintiff. Upon the trial plaintiff did not by his proofs go into the question of who was operating that part of the line nor recognize that as an issue, and when the defendant, by this line of proof, sought to make it an issue the objection now considered, based upon the pleadings, was promptly made, thus giving defendant notice of the question raised and of the desirability of an amendment. There is nothing in this to indicate a waiver of the objection or an acquiescence in the defective pleading as sufficient. 31 Cyc. 723; Rogers v. St. Paul, 86 Minn. 98.

On the other hand the form of the answer lacks much of giving the plaintiff that notice which our code system guarantees to parties as to the issues to be insisted upon. An insistence upon this by the courts aids to economy in the preparation of cases and to certainty and dispatch in the administration of justice.

We are aware that there are one or two Minnesota cases holding, contrary to the views here expressed, that advantage of a defect in pleading such as this must be made in advance of trial and not by an objection to evidence. Smalley v. Isaacson, 40 Minn. 450; Schroeder v. Capehart, 49 Minn. 525.

The latter case seems the more nearly in point. In that case, however, it will be noted that the court's decision proceeds at least in part upon the ground that the matter denied upon information was not necessarily within the knowledge of the defendant. But whatever be the basis of these contrary decisions we deem them not in accord with the modern ideas of pleading. The face to face contest and not the masked battery typifies the latter.

The judgment is affirmed.